J-S71018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: FANNINGS, JAMES ARTHUR JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JAMES A. FANNINGS, JR. | |
| | No. 793 MDA 2014 |

Appeal from the Order March 31, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-MD-0000082-2006

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED DECEMBER 30, 2014**

Appellant, James A. Fannings, Jr., appeals *pro se* from the order entered March 31, 2014, by the Honorable James P. Cullen, Court of Common Pleas of Lancaster County, which denied Fannings's motion "Requesting [a] Habeas Corpus Evidentiary Hearing." We affirm.

In 2006, Fannings was arrested in Lancaster, Pennsylvania, based upon a Mississippi arrest warrant for criminal homicide. Fannings waived the issuance and service of the warrant of extradition and was promptly returned to Mississippi. On January 3, 2014, Fannings filed a *pro se* request for a habeas corpus evidentiary hearing. The trial court issued an order

_____

[*] Former Justice specially assigned to the Superior Court.

denying Fannings's motion, as Fannings is not incarcerated within the court's jurisdiction. Fannings filed a timely notice of appeal.

The trial court directed Fannings to file a Pa.R.A.P. Rule 1925(b) concise statement of errors complained of on appeal within 21 days. Well past the 21-day deadline, Fannings filed a request for an extension of time to file the concise statement. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it found any issue Fannings purported to raise on appeal waived due to his failure to file a Rule 1925(b) statement.

In his *pro se* brief, Fannings raises five issues for our review. As previously noted, Fannings did not file a court-ordered Rule 1925(b) statement. "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). As Fannings did not file a Rule 1925(b) statement preserving the issues now raised in his appellate brief, we are constrained to find these claims waived on appeal.[1]

Even if we were to address Fannings's claims, we would not afford relief. It is well-settled that "an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person

---

[1] As Fannings filed the instant appeal *pro se*, he does not benefit from the automatic remand provided in Pa.R.A.P. 1925(c)(3) when counsel fails to file a timely Rule 1925(b) statement.

restrained of his liberty *within this Commonwealth*…." 42 Pa.C.S. 6503(a) (emphasis added).

Fannings is currently incarcerated in Mississippi. He cannot avail himself of Pennsylvania habeas corpus proceedings.

Order affirmed. Application for Appointment of Counsel is denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014